**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**MARTHA COLARUSSO,**

**Plaintiff**

**CASE NO.**

**v.**

**CLERMONT RADIOLOGY, LLC, and CLERMONT RADIOLOGY PROPERTIES, LLC,**

**Defendants.**
______________________________/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, MARTHA COLARUSSO (hereinafter referred as "Plaintiff"), by and CLERMONT RADIOLOGY, LLC, and CLERMONT RADIOLOGY PROPERTIES, LLC jointly (hereinafter referred as "CR", "CRP" or "Defendants"), pursuant to the Americans with Disabilities Act ("ADA") and the Family Medical Leave Act ("FMLA") and the and in support of states as follows:

**INTRODUCTION**

1. This is a disability discrimination and retaliation case brought by Colarusso, pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*., as amended by the ADA Amendments Act of 2008 ("ADA") and the Family Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq*. ("FMLA") and seeks damages, including back pay, liquidated damages, compensatory and punitive damages, front pay, declaratory and injunctive relief, as well as her attorneys' fees and costs.

## JURISDICTION

2. The acts and omissions giving rise to this action occurred in Lake County, Florida.

3. Plaintiff was employed by both Defendants in Lake County, Florida.

4. Defendant "CR" operates one or more free-standing radiology centers in the Clermont and Orlando areas.

5. Defendant "CRP" operates one or more free-standing radiology centers in the Clermont and Orlando areas.

6. This is an action at law raises a federal question under federal law, specifically the ADA and FMLA. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

## VENUE

7. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District and the Defendants maintain headquarters in Clermont, Florida.

## PARTIES

8. Plaintiff was an employee of both Defendants for approximately four (4) years.

9. Defendants combined to jointly employ Plaintiff for approximately four (4) years.

10. Defendants were responsible for compensating Plaintiff in exchange for the work and hours worked by Plaintiff.

11. At all times material, Plaintiff was an "employee" of Defendants as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

12. Plaintiff is protected by the ADA because she suffers from Graves Disease and Fibromyalgia, which increases her pain, therefore, either:

a. Was suffering "a physical or mental impairment that substantially limits one or more her major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);

b. Had "a record of such an impairment" because of her required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or

c. Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

13. Defendants are Florida Limited Liability Company which operates a free-standing radiology center.

14. At all times material, Defendants were an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

15. In 2015, Defendants had 15 or more employees for each working day in each of the 20 or more calendar weeks.

16. In 2016, Defendants had 15 or more employees for each working day in each of the 20 or more calendar weeks.

17. In 2017, Defendants had 15 or more employees for each working day in each of the 20 or more calendar weeks.

18. At all times relevant, Defendants were engaged in an industry affecting commerce.

19. At all times relevant, Defendants were engaged in an activity affecting commerce.

20. At all times relevant, Defendants were engaged in comer within the meaning

of 26 U.S.C. § 2611(1)

21. At all times relevant, Defendants were an "employer" as defined by 42 U.S.C. § 1211(5).

22. At all times relevant, Defendants were an "employer" as defined by 29 U.S.C. § 2611(4).

23. At all times relevant, Plaintiff was an "eligible employee" as defined by 29 U.S.C. § 2611(2)(A).

24. As of the date of her termination, Plaintiff had been employed by Defendants for at least twelve (12) months.

25. As of the date of her termination, Plaintiff had been employed by Defendants for at least 1,250 hours of service during the previous twelve (12) month period.

26. As of the date of her termination, both Defendants have a combined total of fifty (50) or more employees.

27. At all times relevant, Plaintiff was an "employee" as defined by 42 U.S.C § 1211(4).

28. At all times relevant, Plaintiff was a "qualified individual" as defined by 42 U.S.C § 1211(8).

## FACTUAL ALLEGATIONS

29. Plaintiff was hired as an MRI Technician on or about February 27, 2013.

30. On or about January 26, 2016, Plaintiff suffered from a work-related accident in which she hurt her back.

31. On or about January 11, 2017, Plaintiff suffered another work-related accident in which she fell on the parking lot due to a strain knee.

32. Plaintiff was placed on light duty work restrictions which included no lifting over 10 pounds.

33. On or about February 9, 2017, Plaintiff suffered another work-related injury in which she fell in the office due to her knee giving out.

34. Plaintiff was required to miss at least three days of work due to her injuries in the accident.

35. On or about March 2017, Plaintiff missed worked again for three days in order to undergo injections due to her injuries.

36. Despite notifying Defendants of her need for time off due to her medical injuries, Defendants gave Plaintiff a written reprimand.

37. In addition, employees at Defendants' company would ridicule and make jokes about Plaintiff and her injuries.

38. On October 26, 2017, Plaintiff had surgery on her right knee.

39. Plaintiff was out of work for approximately ten (10) days due to the surgery.

40. Following the surgery, Plaintiff notified Defendant that she was released to go back to work with restrictions.

41. Plaintiff notified Defendants that she could return to work with light duty restrictions which included no prolonged standing.

42. Despite these restrictions, Plaintiff could perform the essential functions of her job duties.

43. Plaintiff also suffers from Graves' Disease and Fibromyalgia which increases her pain.

44. Plaintiff notified her supervisors about her medical conditions.

45. Plaintiff was written up for calling out sick more than three (3) times.

46. Although Plaintiff was absent from work on several occasion, she followed proper notice procedures.

47. Defendants were made aware of her medical conditions was provided with doctor's notes by Plaintiff.

48. Due to her medical condition which increases her pain and side effects, Plaintiff was unable to work during her work-related injuries.

49. Plaintiff's medical conditions affected her daily life activities, but she was able to return to work and perform the essential functions of her job as before.

50. On November 3, 2017 Ms. Colarusso called Ms. Barney and told her that her doctor had released her on light duty with restrictions of elevating the leg, icing the knee, limit standing/walking to 15 min. per hour, use crutches as needed.

51. Ms. Barney insisted that Plaintiff return to work only after she was released to work full duty.

52. Plaintiff explained that she had been working since January 2016 with restrictions and continued to perform the essential functions of her job adequately.

53. Ms. Barney and Defendants would not accommodate Plaintiff.

54. Despite this, on or about November 13, 2017, less than three (3) weeks after her surgery, Plaintiff was terminated without any further explanation.

55. On January 4, 2018, Plaintiff filed an EEOC charge regarding her discriminatory and retaliatory termination.

56. Defendants violated Plaintiff's statutory rights to be free of disability discrimination and retaliation in the workplace by: (1) terminating Plaintiff in retaliation;

and/or (2) by failing to provide Plaintiff with, or even engage in any meaningful dialogue regarding, a reasonable accommodation.

57. At the time of her termination Plaintiff was qualified for her position.

58. At the time of her termination Plaintiff was able to perform the essential functions of her job.

59. At no time during her employment did Defendants counsel or otherwise discipline Plaintiff for failure to meet her job duties.

60. At the time of her termination, Plaintiff worked for a covered employer as defined by the FMLA.

61. At the time of her termination, Plaintiff was eligible for FMLA leave.

62. At the time of her termination, Plaintiff provided notice to Defendants of her need for FMLA leave.

63. Plaintiff's notice for her need for FMLA leave was timely.

64. Plaintiff's notice for her need for FMLA leave complied with Defendants' company policies regarding request for time off.

65. Plaintiff was entitled to FMLA covered leave pursuant to 29 U.S.C. § 2612 (a)(1).

66. Defendants' actions violate the provisions of 29 U.S.C §2615(a).

67. Defendants' actions violate the provisions of 29 U.S.C §2614(a).

68. Defendants' actions constitute interference with Plaintiff's rights under FMLA.

69. Defendants' actions constitute retaliation in violation of Plaintiff's rights under the FMLA.

70. Defendants' actions constitute discrimination in violation of Plaintiff's rights under FMLA.

71. Defendants' actions constitute discrimination in violation of the ADA.

72. Defendants' actions constitute retaliation in violation of the ADA.

**COUNT I**
**DISABILITY DISCRIMINATION**

73. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 72 above.

74. Plaintiff was a qualified individual with a disability.

75. Plaintiff was perceived as disabled by Defendants.

76. Defendants were Plaintiff's employer as defined by the ADA-AA.

77. Defendants discriminated against Plaintiff because of her disability in violation of the ADA-AA.

78. Defendants was Plaintiff's employer as defined by the FMLA.

79. Defendants discriminated and/or retaliated against Plaintiff because she exercised her rights under the AD-AA.

80. Defendants had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

81. Defendants' acts and omissions negatively affected one or more terms, conditions and/or privilege of Plaintiff's employment.

82. Defendants' conduct violated plaintiff's right to be free from discrimination/retaliation as guaranteed by the ADA-AA.

83. As direct, natural, proximate and foreseeable results of the actions of

Defendants, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional plain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

84. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants', which have cause and continued to cause irreparable harm.

85. Defendants' violation of the ADA-AA were willful.

86. Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1981a(a)(3) .

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

a) judgment in her favor and against Defendant sfor violation of the disability association provisions of the ADA-AA;
b) judgment in her favor and against Defendants for damages including lost earnings, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;
c) judgment in her favor and against Defendants for her reasonable attorney's fees and litigation expenses;
d) judgment in her favor and against Defendants for punitive damages;
e) judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under the ADA-AA; and
f) Issue an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

**COUNT II**
**RETALIATION IN VIOLATION OF THE ADA**

87. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 72 above.

88. Plaintiff requested a reasonable accommodation for her disability. This constituted protected activity under the ADA-AA.

89. Upon information and belief, Defendants' conduct, was, in whole or in part, motivated by Plaintiff's request for accommodation.

90. As a natural, proximate and foreseeable result of Defendants' actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

91. The conduct of Defendants' management was in such reckless disregard of Plaintiff's federal statutory rights against retaliation as to entitle Plaintiff's to recover an award of punitive damages to punish Defendants and to deter it and others from such conduct in the future.

92. The retaliation Plaintiff suffered, in violation of her federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

93. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendants.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

a) Permanently enjoining Defendants, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

b) judgment against Defendants for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory acts;

c) judgment against Defendants for compensatory damages;

d) judgment against Defendants for punitive damages;

e) Plaintiff her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

f) Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in her favor in this action; and

g) Granting such other and further relief as the Court deems just.

**COUNT III**
**RETALIATION UNDER THE FMLA**

94. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 72 above as if fully set forth herein.

95. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

96. Defendants were Plaintiff's employer as defined by the FMLA.

97. Defendants discriminated and/or retaliated against Plaintiff because she exercised her rights under the FMLA.

98. Defendants had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

99. Defendants' acts and omissions constitute interference with Plaintiff's rights under the FMLA.

100. Defendants' discriminatory/retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA covered leave.

101. Defendants' conduct violated Plaintiff's rights to be free from discrimination/ retaliation as guaranteed by the FMLA.

102. As a direct, natural, proximate and foreseeable result of the actions of Defendants, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

103. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

104. Defendants' violations of the FMLA were willful.

105. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in her favor and against Defendants for violation of the anti-discrimination provisions of the FMLA;

b. judgment in her favor and against Defendants for damages, including lost earning, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct.

c. judgment in her favor and against Defendants for her reasonable attorney's fees and litigation expenses;

d. judgment in her favor and against Defendants for liquidated damages pursuant to 29 U.S.C. § 2671(a)(1)(A)(iii);

e. declaratory judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under the FMLA; and

f. an order grating such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT IV
## INTERFERENCE UNDER THE FMLA

106. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 72 above as if fully set forth herein.

107. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

108. Defendants were Plaintiff's employer as defined by the FMLA.

109. Defendants' acts and omissions constitute interference with Plaintiff's rights under the FMLA.

110. As a direct, natural, proximate and foreseeable result of the actions of Defendants, Plaintiff has suffered damages for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

111. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

112. Defendants violations of the FMLA were willful.

113. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in her favor and against Defendant for interference with her rights under the FMLA;

b. judgment in her favor and against Defendant for damages, including lost earnings, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d. judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that Defendant's practices toward Plaintiff violate her rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## JURY DEMAND

Plaintiff, Marth Colarusso, hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

DATED this 17th day of September, 2019

Respectfully submitted,

***s/Carlos V. Leach***

Carlos V. Leach, Esq.
Fla. Bar No.: 540021
The Leach Firm, P.A.
1950 Lee Road, Suite 213
Winter Park, Florida 32789
Direct: (321) 287-6021
Facsimile: (407) 960-4789

E-mail: cleach@theleachfirm.com
Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiff***